IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

OLGA SALLY MCMAHON,

Plaintiff,

v.

EPSILON DATA MANAGEMENT, LLC, and
ALLIANCE DATA SYSTEMS CORPORATION,

Defendant.

---

## COMPLAINT

---

Plaintiff Olga Sally McMahon ("Ms. McMahon") brings this Complaint against Epsilon

Data Management, LLC ("Epsilon") and Alliance Data Systems Corporation ("ADS")

(collectively, "Defendants") alleges and states as follows:

### STATEMENT OF JURISDICTION

1.      Ms. McMahon is a citizen of Colorado.

2.      Epsilon is a limited liability company with its principal place of business in

Texas.

3.      ADS is a corporation incorporated under the laws of Delaware with its principal

place of business in Texas.

4.      The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

5.      Epsilon and ADS conduct business in Colorado.

### GENERAL ALLEGATIONS

6.      This action arises from Defendants' wrongful refusal to pay Ms. McMahon, former employee of Defendants, wages, commissions, bonus, and other compensation due and owing following their January 2011 termination of Ms. McMahon.  Ms. McMahon seeks to recover all such compensation as well as statutory penalties, attorney fees, and other costs authorized by C.R.S. §§ 8-4-109, 110.

7.      ADS hired Ms. McMahon as Vice President/General Manager, Marketing Technology Client Services Department of Epsilon, Inc., on approximately September 8, 2009. She started her employment with Defendants on or around Monday, September 21, 2009.

8.      Ms. McMahon's duties included managing portfolios of Epsilon Marketing Technology retail clients, along with her team, by developing and maintaining for those clients databases which enable them to better track and market to their respective customers.

9.      In connection with her employment with Defendants, and pursuant to the 2010 General Manager, Marketing Technology Services, Compensation Plan ("Compensation Plan"), Ms. McMahon was entitled to receive a base salary plus commissions plus a bonus.  The Compensation Plan is attached hereto as Ex. 1.  The "Effective Date" provision of the Compensation Plan runs from January 1, 2010 until December 31, 2010.

10.     Ms. McMahon's bonus amount is  based on the aggregate year-end net recognized revenue.  Upon information and belief,  the year-end calculations were final by mid-February.

11.     Ms. McMahon's commissions are based on sales that closed by December 31, 2010 and calculations on revenue and margins.  Upon information and belief, those amounts were finalized by approximately January 12, 2011 for client revenue/profit calculations and January 30, 2011 for ADS/Epsilon financials.  ADS/Epsilon's financial statements were finalized by mid-February, 2011.

12.     Ms. McMahon has performed all the work, labor, and other actions necessary to complete the 2010 sales upon which her commissions and bonus were based.

13.     Defendants terminated Ms. McMahon on or around January 13, 2011.

14.     On January 22, 2011, Ms. McMahon entered into a severance agreement with ADS/Epsilon, which stated: "Alliance Data represents and agrees that as soon as practicable after the Termination Date, and in accordance with state law, Alliance Data will make payment in full to Associate for all wages or other compensation, all accrued and unused paid time off ("***PTO***"), and all benefits owed to Associate through the Termination Date, as well as all un-reimbursed business expenses for the period through the Termination Date."  A copy of the General Release and Severance Agreement dated Jan. 22, 2011 is attached hereto as Ex. 2.

15.     Pursuant to the Colorado Wage Act. On March 2, 2011, Ms. McMahon, through counsel, made written demand for payment of outstanding commissions and bonus due under the Compensation Plan and 15.    Defendants have refused to make a tender within fourteen days after the March 2, 2011 demand letter.

16.     Ms. McMahon has performed all conditions precedent to commencing this action.

17.     Ms. McMahon was based in the Epsilon office located at 2550 Crescent Drive, Lafayette, CO 80026.

3

**FIRST CLAIM FOR RELIEF**
**(Violation of the Colorado Wage Act, Colorado Revised Statutes, Section 8-4-101, *et seq.*)**

18.     Ms. McMahon adopts and incorporates by reference each of the foregoing allegations of this Complaint as though fully set forth herein.

19.     Ms. McMahon earned wages and other compensation for the services she rendered to Defendants prior to being terminated and is owed such amounts.

20.     Defendants wrongfully refuse to pay such amounts even though such amounts have since then become due and were earned, vested, and determinable at the time of Ms. McMahon's termination.

21.     Defendants are liable to Ms. McMahon for the amount of all wages and other compensation that Ms. McMahon earned prior to her termination on January 13, 2011.

22.     In addition, pursuant to C.R.S. § 8-4-109, and as a result of Defendants' refusal, without a good faith legal justification, to pay Ms. McMahon's wages and other compensation payable as a result of the labor and services that she provided to Defendants even though such wages and other compensation have become due, Defendants are liable to Ms. McMahon for a penalty.

23.     In addition, if Ms. McMahon prevails in this action, pursuant to C.R.S. § 8-4-110, Defendants are liable to Ms. McMahon for costs and reasonable attorney fees she incurs in connection with this action.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

24.     Ms. McMahon adopts and incorporates by reference each of the foregoing allegations of this Complaint as though fully set forth herein, and asserts the following in addition or, in the alternative.

25.     According to the Compensation Plan, Ms. McMahon and Defendants had an agreement that Ms. McMahon would perform labor and services in exchange for wages, commissions, bonus, and other compensation.

26.     Ms. McMahon fully performed such labor and services.  To the extent that she was required to continue her employment until the time of the commission and/or bonus payout(s), she did all that she could to satisfy that requirement.   Defendants, by their termination of her without cause, prevented her from fully satisfying that requirement.

27.     Defendants refuse to pay Ms. McMahon the commissions and bonus that she earned in exchange for her labor and services.  To the extent Defendants assert that they were not obligated to perform unless Ms. McMahon was employed at the time of the commission and/or bonus payout(s), this purported condition was excused when Defendants prevented it from occurring.

28.     As a result, upon information and belief, Ms. McMahon has been denied earned, vested and determinable commissions and bonus.

### THIRD CLAIM FOR RELIEF
### (Breach of Severance Agreement)

29.     Ms. McMahon adopts and incorporates by reference each of the foregoing allegations of this Complaint as though fully set forth herein, and asserts the following in addition or, in the alternative.

30.     Ms. McMahon and Defendants entered into a General Release and Severance Agreement dated Jan. 22, 2011.

31.     Section I. A of that Agreement states that "as soon as practicable after the Termination Date, and in accordance with state law, Alliance Data will make payment in full to Associate for all wages or other compensation, all accrued and unused paid time off ("*PTO*"), and all benefits owed to Associate through the Termination Date, as well as all un-reimbursed business expenses for the period through the Termination Date."

32.     Defendants have not made such payments as promised.

33.     As a result, upon information and belief, Ms. McMahon has been denied wages or other compensation.

### FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

34.     Ms. McMahon adopts and incorporates by reference each of the foregoing allegations of this Complaint as though fully set forth herein, and asserts the following in addition or, in the alternative.

35.     Ms. McMahon performed labor and services for Defendants, who benefited from the sales resulting from her labor and services, and who retained the full amount of such benefits

6

even though Ms. McMahon was entitled to at least a portion of the benefits in the form of commissions and bonus.

36.     Although Defendants agreed to pay Ms. McMahon commissions and bonus in exchange for her labor and services and consequent sales, and Ms. McMahon performed her obligations and made sales, Defendants did not pay Ms. McMahon the commissions and bonus that she earned as a result of these sales.


**PRAYER FOR RELIEF**

Upon the foregoing, Ms. McMahon prays for entry of judgment in her favor and against Defendants:

(a)     Awarding Ms. McMahon's damages, in an amount to be proven at trial, for wages and other compensation payable but unpaid to her following her termination from Defendants; and

(b)     Awarding Ms. McMahon penalties authorized under C.R.S. § 8-4-109; and

(c)     Awarding Ms. McMahon attorney fees and costs pursuant to C.R.S. § 8-4-110; and

(d)     Awarding Ms. McMahon prejudgment and other interest as permitted by law; and

(e)     Awarding Ms. McMahon such other relief as the Court deems proper.

Respectfully submitted this 5th day of April, 2011.


_s/Neal S. Cohen_

Neal S. Cohen
HOLME ROBERTS & OWEN LLP
1801 13th Street, Suite 300
Boulder, CO  80302-5259
Telephone:      (303) 444-5955
Facsimile:      (303) 866-0200
Email:          neal.cohen@hro.com

ATTORNEYS FOR PLAINTIFF OLGA SALLY
MCMAHON

#1524547 v2 den